UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL W. SHARP,                )
                                 )
         Plaintiff,              )
                                 )         CIVIL ACTION NO.
VS.                              )
                                 )         3:15-CV-1380-G
AMERICAN HOMES 4 RENT            )
PROPERTIES EIGHT, LLC, ET AL.,   )
                                 )
         Defendants.             )

# MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to dismiss (docket entry 7) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. For the reasons stated below, the court grants the defendant's motion with respect to all of the plaintiff's claims. However, the court grants the plaintiff leave to amend his complaint by July 24, 2015.

## I. BACKGROUND

### A. Factual Background

This case concerns a mortgage foreclosure on a principal residence. On or about May 18, 2001, the plaintiff, Michael W. Sharp ("Sharp"), executed a note with Imperial Mortgage Corporation that was secured by a deed of trust on the residence

at 1037 Winding Creek Drive, Cedar Hill, Texas 75104 (the "property"). Plaintiff's Original Petition ("Complaint") ¶¶ 10-11 (docket entry 1, exhibit C-1). Subsequently, Sharp fell into default, and Wells Fargo Bank, N.A. ("Wells Fargo") -- the current mortgage servicer -- sold the property at a foreclosure sale on March 4, 2014 to American Homes 4 Rent Properties Eight, LLC (AH4R). Complaint ¶¶ 12, 14-15.

Sharp alleges, however, that Wells Fargo breached provisions of the deed of trust by failing to provide (1) notice regarding the application for loan modification he submitted to Wells Fargo, (2) notice that he was in default and providing him at least 20 days to cure, and (3) notice of foreclosure 21 days prior to the foreclosure sale. Complaint ¶¶ 13-15, 19-32. Moreover, Sharp alleges that Wells Fargo violated applicable Housing and Urban Development regulations by failing to have "a face-to-face interview with [him], or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage [were] unpaid." Complaint ¶ 23. These violations, according to Sharp, imply that the foreclosure sale "was ultimately done without authority and is therefore ineffective and may not pass title." Complaint ¶ 38. The result, Sharp contends, is that he possesses superior title to AH4R and thus should succeed in his quiet title and declaratory judgment claims.[1]

---

[1] Sharp also raises a claim for injunctive relief to restrain AH4R from evicting him from the property. Complaint ¶¶ 40-42. The county court abated AH4R's eviction suit "pending a dispositive ruling" in the case pending before this
(continued...)

Complaint ¶¶ 33-42; *see also* Plaintiff's Response ("Response") ¶¶ 16, 26 (docket entry 13).

### B. Procedural Background

Sharp filed his petition with the 298th Judicial District Court of Dallas County, Texas on March 24, 2015. Notice of Removal ¶ 1 (docket entry 1). In the petition, Sharp brings a quiet title claim, seeks injunctive relief, and requests declaratory judgment against AH4R. Complaint ¶ 33-42. Sharp also pleads the preceding claims, in addition to claims for breach of contract and regulatory violations, against Wells Fargo.[2] Complaint ¶¶ 19-42.

Claiming both federal question and diversity jurisdiction, the defendants removed the case to this court on May 1, 2015. *See* Notice of Removal ¶ 6. Once in

---

[1](...continued)
court. *See* April 2, 2015 Order in Case No. CC-14-03878-A in the County Court at Law Number 1, Dallas County, Texas; *see also* Motion to Dismiss, Exhibit 4 (providing the docket sheet of the relevant case). Thus, the need for injunctive relief no longer exists.

Even if the county court chose to dissolve the order of abatement, this court would still deny injunctive relief. To establish a right to the remedy of injunctive relief, Sharp is required to show, *inter alia*, "a substantial likelihood of success on the merits." *DSC Communications Corporation v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Because Sharp has failed to allege sufficient facts to support his claim, he has not pleaded the necessary grounds for obtaining injunctive relief.

[2] Sharp concedes that he alleges the breach of contract, statutory, and regulatory claims against only Wells Fargo. Response ¶ 13. These claims are only relevant to the present motion to the extent they influence the quiet title claim against AH4R.

- 3 -

federal court, AH4R filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 8, 2015. *See* Motion to Dismiss. According to AH4R, although Sharp alleges no wrongdoing on the company's part, he nonetheless names the company as a defendant solely because it purchased the property. *Id.* ¶ 9. AH4R additionally notes that Sharp fails to state that he is current on his mortgage payments and alleges no facts that, if proved, would establish his superior title. *Id.* ¶ 17. Instead, Sharp challenges AH4R's title by arguing that "the foreclosure sale was wrongful and ultimately invalid." *Id.* ¶ 17.

The plaintiff filed a timely response to the motion. *See* Response. The time limit for filing a reply has passed and thus the motion is now ripe for decision. *See* LOCAL CIVIL RULE 7.1(f) ("[A] party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed.").

## II. ANALYSIS

### A. Legal Principles

#### 1. *Rule 12(b)(6) Motion to Dismiss Standard*

After a defendant removes an action from state court, federal courts must apply the Federal Rules of Civil Procedures when analyzing a motion to dismiss. FED. R. CIV. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); see also *Fowler v. General Insurance Company of America*, Civil Action No. 3:14-CV-2596-G, 2014 WL 5879490, at *1-2 (N.D. Tex. Nov. 13, 2014) (Fish, J.); *Lewis*

*v. Wells Fargo Bank, N.A.*, 939 F. Supp. 2d 634, 636-37 (N.D. Tex. 2013) (Fish, J.); STEVEN S. GENSLER, 1 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY, Rule 81 (2015) ("Defendants sometimes remove a case from a state with pleading standards that are different from those applicable in federal court. Whether more strict or more lenient, the federal standard will control post-removal.").

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). "To survive a 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert denied*, 552 U.S 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*

*Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "The court accepts well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009).  The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth." *Id.* at 679.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678.  The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (*quoting* FED. R. CIV. P. 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the

"context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." See *id.* at 680, 683.

### 2. *Quiet Title Actions Under Texas Law*

Through a quiet title action, a "plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim." *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (citations omitted) (unpublished). To succeed on a quiet title claim under Texas law, a plaintiff must prove that: (1) he possesses an interest in a specific property, (2) his title to the property is affected by the defendant's claimed interest, and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *Cook-Bell v. Mortgage Electronic Registration Systems, Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (Fish, J.) (citing *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (Lindsay, J.)). A plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Turner*, 514 F. App'x at 516 (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.--Beaumont 2000, pet. denied)).

Importantly, a plaintiff must prove and recover on the strength of his own title, not the weakness or invalidity of his adversary's title. See, *e.g.*, *Kingman Holdings, LLC. v. Everbank*, No. 5:13-CV-1127-DAE, 2014 WL 1491257, at *5 (W.D. Tex.

Apr. 14, 2014) ("Plaintiff cannot maintain a quiet title action because its allegations speak only to alleged weaknesses in Defendant's title, not to the strength of Plaintiff's own title."); *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.--Corpus Christi 2001, no pet.); *Alkas v. United Savings Association of Texas*, 672 S.W.2d 852, 857 (Tex. App.-- Corpus Christi 1984, writ ref'd n.r.e.). Particularly relevant to this case, a plaintiff must allege facts that he is "current on his loan payments and not in default such that [he] would have an interest in the Property *superior* to any lienholder seeking to foreclose" and any resulting purchaser at a foreclosure sale.[3] *Gray v. Wells Fargo Bank, N.A.*, No. 4:12-CV-576, 2013 WL 3097800, at *2 (E.D. Tex. June 18, 2013), *adopted*

---

[3] Sharp correctly notes that "[f]or a sale under a deed of trust to be valid, the terms set out in the deed of trust must be strictly followed." Response ¶ 22 (citing *UMLIC VP, LLC v. T & M Sales and Environmental Systems, Inc.*, 176 S.W.3d 595, 609 (Tex. App.--Corpus Christi 2005, pet. denied)). The *UMLIC VP* court goes on to note that when the foreclosing party fails to strictly follow the terms in the deed of trust, the mortgagor may possess a valid claim for *wrongful foreclosure*. 176 S.W.3d at 609. However, the court does not even discuss a quiet title claim in its opinion. See *id.*

Additionally, Sharp notes that it would be "illogical for the Court to conclude that Plaintiff cannot enforce [Defendant's] obligations, assumed to be contractual, which arise after Plaintiff's default merely because Plaintiff is in default. If that were appropriate, then the [alleged contractual notice provisions] would become practically meaningless." Response ¶ 25 (quoting *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 580 (N.D. Tex. 2013 (Lindsay, J.)). The court made this statement, however, when discussing the plaintiff's breach of contract claim. *Miller*, 970 F. Supp. 2d at 579-80. Later in the same opinion, the court dismisses the plaintiff's quiet title claim by noting that she "has not alleged facts which, if proved, would establish her superior title; nor does she allege that she is current on her mortgage payments." *Id.* at 590 (internal alterations, quotations and citation omitted).

*by* District Court Judge Richard A. Shell's order on September 6, 2013 (see docket entry 13 in relevant case); see also *Jaimes v. Federal National Mortgage Association*, 930 F. Supp. 2d 692, 698 (W.D. Tex. 2013) ("Based on the facts alleged by [the plaintiff], it appears he defaulted on his mortgage, and his home was subsequently foreclosed . . . . Those facts do not state a claim for quiet title. . . ."). The court will only use its equity power to quiet title in favor of a plaintiff when he "supply[s] the proof necessary to establish his superior equity and right to relief." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.--Houston [1st Dist.] 2009, pet. denied).

3. *The Declaratory Judgment Act*

Although Sharp filed this suit in Texas state court, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Properties, LLC v. Holmes Company Limited*, No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *I2 Technologies US, Inc., v. Lanell*, No. CIV. A. 3:02-CV-0134-G, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)). "The federal Declaratory Judgment Act ("DJA") does not create a substantive cause of action"; rather, a declaratory judgment action is purely a "vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-CV-1658-D, 2009 WL 3075205, at

*19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (internal quotations and citations omitted).  The DJA imposes no duty to declare rights.  *Id.*  Instead, it provides "[f]ederal courts [with] broad discretion to grant or refuse a declaratory judgment." *Id.*

### B.  Application

#### 1.  *Sharp Fails to State a Quiet Title Claim*

Sharp fails to state a quiet title claim because the complaint contains no assertions regarding the strength of his own title.  See, *e.g.*, *Kingman Holdings*, 2014 WL 1491257, at *5.  Rather, the complaint focuses entirely on the alleged weaknesses of the defendant's interest in the property.  Complaint ¶¶ 32, 34, 38.  Sharp defaulted on his loan, and thus Wells Fargo  foreclosed upon the property.  *See* Complaint ¶¶ 13-15, 23-26.  Absent an allegation that Sharp is "current on his loan payments and not in default," the court must dismiss his quiet title claim.  *Gray*, 2013 WL 3097800, at *2.  Moreover, because Sharp has failed to allege facts to support his quiet title claim -- his only substantive claim against AH4R -- the court refuses to consider his request for a declaratory judgment.

#### 2.  *Leave to Replead*

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend

in a manner that will avoid dismissal." *Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-CV-4268-D, 2014 WL 840052, at *5 (N.D. Tex. Mar. 4, 2014) (Fitzwater, C.J.) (quoting *In re American Airlines, Inc., Privacy Litigation*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)).  Because the plaintiff is potentially capable of alleging claims that could avoid dismissal, the court grants the plaintiff leave to amend his pleadings.

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **GRANTED**.  The court **GRANTS** the plaintiff leave to amend his complaint by **July 24, 2015**.  If no amended complaint is filed and served by that date, a judgment of dismissal will be entered.

**SO ORDERED**.

July 14, 2015.

_____
**A. JOE FISH**
**Senior United States District Judge**